IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPHRAIM JENKINS,<br><br>    Petitioner,<br><br>vs.<br><br>ROSEANNE CAMPBELL, Warden,<br><br>    Respondent. | C 06-3966 MJJ (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(Docket No. 8) |

Petitioner, a California prisoner, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted based on petitioner's cognizable claims, or alternatively to file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"). Respondent chose the latter course, and has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition. Although ordered to so, respondent has not filed a reply.

## BACKGROUND

On May 10, 1999, the Santa Clara County Superior Court sentenced petitioner to a term of life in state prison with the possibility of parole plus twelve years based on his convictions for attempted murder, mayhem, kidnaping, first degree burglary, and assault with intent to commit rape, and sentence enhancements for the use of a knife and infliction of great bodily injury. The California Court of Appeal affirmed the conviction, and the Supreme Court of California denied the petition for review on August 9, 2000. On September 24, 2003, petitioner filed his first petition for a writ of habeas corpus in the state courts in the California Court of Appeal. The petition was denied on November 25, 2003.

1  On December 3, 2003, petitioner filed a habeas petition in the California Supreme Court,
2  which was denied on September 22, 2004. On January 18, 2005, petitioner filed a habeas
3  petition in the Alameda County Superior Court, which was denied the same date. On April 8,
4  2005, petitioner filed a habeas petition in the California Court of Appeal, which was denied
5  on May 10, 2005. Finally, petitioner filed a habeas petition in the California Supreme Court
6  on June 27, 2005, and this last petition was denied on May 10, 2006. On June 21, 2006,
7  petitioner filed the instant petition in this court.[1]

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]

Here, the state courts' direct review of petitioner's conviction and sentence ended on August 9, 2000, when the Supreme Court of California denied his petition for review. The "time for seeking" direct review under 28 U.S.C. § 2244(d)(1)(A) includes, however, the ninety-day period within which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). As a result, petitioner's "time for seeking" direct review expired on November 7, 2000, ninety days after August 9, 2000. The limitations period expired one year later, on November 7, 2001. As noted, the instant petition is deemed filed in federal court on June 21, 2006, over four and a half years after the limitations period expired. Consequently, absent tolling, the

---

[1] A pro se petitioner's federal petition is considered "filed" on the day it was signed and presumably given to prison authorities for mailing. See generally Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 2244(d)(1)(B)-(D).

2

1 instant petition is untimely.

2 The one-year limitation period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." See 28 U.S.C. § 2244(d)(2). Petitioner's first state habeas petition was filed in the California Court of Appeal on September 24, 2003, nearly two years after the limitations period expired. In such circumstances, when a state habeas petition is filed after the limitations period in AEDPA has already expired, there is no tolling under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Consequently, the instant petition is not rendered timely by virtue of the tolling provided by § 2244(d)(2).

Petitioner argues "the facts in which petitioner relies upon took time to understand, research and prepare being that he was not well versed at law."[3] (Opposition at 4.) Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (citation and internal quotation omitted). The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The petitioner must establish two elements in order to be granted equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544 U.S. at 419). When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006). Petitioner's lack of legal experience does not constitute an extraordinary circumstance warranting equitable tolling, see Raspberry, 448 F.3d at 1154, nor does his indigence, Cantu-

---

[3] Petitioner asserts "no appeal was taken from the judgment" in his case. (Opposition at 4.) The state appellate record indicates counsel filed a "no issues" appeal pursuant to People v. Wendy, 25 Cal. 3d 436 (1979). (Resp. Ex. C.)

3

Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling). In addition, petitioner makes no assertion that he expended "diligent efforts" in pursuing his state habeas petition. Accordingly, even liberally construing petitioner's allegations in his favor, he has not set forth a basis for equitable tolling in this case. Accordingly, the petition must be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is hereby GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

This order terminates Docket No. 8.

IT IS SO ORDERED.

DATED: 10/13/2007

MARTIN J. JENKINS
United States District Judge